is United States v Lewis at stock at 24-6148. Council, welcome back. Proceed when you're ready. Thank you, Your Honor. Council, may it please the court, Shira Keeval again for Mr. Joel Lewis. I'd like to focus today on the second issue in Mr. Lewis's brief, which is his challenge to the attempted murder cross-reference. Joel Lewis shot a police officer in the vest. He pled guilty in state court to shooting with intent to kill and he pled guilty in federal court to unlawful gun possession. At his federal sentencing, he tried to point to his mental state that he was in the throes of acute alcohol withdrawal delirium to argue that he could not or did not form the specific intent to kill. He should have been allowed to make that argument even though it was inconsistent with his admissions during his state court guilty and this court should reverse. The district court erred because it misunderstood and misapplied Custis versus the United States. Custis is about recidivism enhancements and has no application here. The rule in Custis against collateral attacks only applies if the federal sentencing provision itself is triggered by the existence of a prior conviction and Custis holds that in that situation, a defendant generally may not collaterally attack the validity of that prior conviction to argue that it shouldn't count. Here we have a different enhancement that only asks what happened when the defendant had the gun and a different argument again about what happened when the defendant had the gun. The prior conviction only came up in response to Mr. Lewis's objection. On appeal, the government briefly defends the basis of the district court's ruling but it generally pivots to a new argument about collateral estoppel. That was not the basis of the government's ruling below and it cannot be the basis of the affirmance on appeal. First and foremost, collateral estoppel is an affirmative defense that must be invoked by the government in the district court in order to apply or it must be invoked by a party in the district court in order for it ever to apply. In this case, the government explicitly disavowed reliance on this doctrine, volume one, page 195, note one in the record on appeal. And further, even if it hadn't been affirmatively waived, it is dead wrong. This court in Gallardo-Mendez said that the government may not use a judgment following a plea of guilty to collaterally estop a criminal defendant from re-litigating an issue in a subsequent criminal proceeding. That rule applies here. Counsel, can I ask you and conceding what you're saying or at least for argument's sake, a question, does this one matter? In that certainly the district court, as it makes a preponderance finding fact for a guideline enhancement, can rely on a statement, whether it's sworn, whether it's in court, whether it's to the probation officer or a buddy on the street corner, can rely on that in assessing whether or not the conditions of the enhancement are met. Here we have a pretty good one, which is in a court of law raised the right hand and said, I intended to kill. Apart from Custis, which I hear you on the collateral attack thing or collateral estoppel even if there were no application whatsoever, collateral estoppel, the district court still could say, you said that you intended to, and so I'm going to rely on that. And in other words, collateral estoppel, they don't need collateral estoppel to get that in front of the court. That's right, Your Honor. It's certainly evidence. And I think the reason that this situation doesn't necessarily arise very often in the case law is because generally, it's going to be really hard to overcome your own admission in a prior proceeding. But we have a really different situation here. We have a person where from the moment that he spoke to police, and this is on the record, he says he didn't remember what happened. He asked what had happened. He's a 60-year-old man with no history of violence, even when he was addicted to crack cocaine in the 90s. We have extremely strong and uncontested evidence, not based on his own testimony or recollection, that he was in the throes of acute alcohol withdrawal delirium. We have statements about him saying things that made no sense from his fiance, from the police, from the EMTs, from the doctors. He responded to the treatment for acute alcohol withdrawal delirium. So it's easy in many cases, I think. But here, I don't think that there is enough to show harmless error. You're wanting to say he can impeach himself because he sat up in the courtroom and said, I intended to kill. And all of the things that you just mentioned were so then, just as they're so now, whether it's alcohol withdrawal or whatever else. But there are also some pretty good facts the district court had as far as the officer hearing, I'm going to shoot you as he comes to the door, and then point blank shot right in the chest. That's not bad evidence when you're looking at a guideline enhancement. Yeah. And your honor, I think that's why the knowledge element was met for kind of knowing that it was a police officer for the official victim enhancement. But we're talking about specific intent. And we have very clear, well-established, long-established case law, that when you are in your not right state of mind, you don't necessarily specifically intend the natural and probable consequences of your action. What should have happened, and I think one of the reasons that this is not harmless, is that he should have been allowed to make this argument. And the government, excuse me, the district court should have asked him this question, or asked his counsel this question, you pled guilty, like why am I not going to consider that to be the definitive evidence in this case? And you look at the sentence that Mr. Lewis got in the state court case, he was facing a life sentence. He entered an open plea and got six years. And we all know realistically how the criminal justice system works. And the risk of going to trial and saying, I don't remember what happened, but I definitely didn't have specific intent, look at, you know, I was in these alcohol withdrawal delirium, but look at also all these bad facts. That's a really risky defense. And in a practical level, people plead guilty when they have a favorable judge or favorable mitigation evidence that they could present. And Mr. Lewis never had the opportunity to discuss that in front of the district court judge, to explain his plea. And a panelist can obviously overrule me. Where I thought we were going to be spent a lot of time on the second amendment, because that's where I'm really needing the help. The guideline applications are fairly straightforward. I very much agree with that. It's been frustrating to me a little bit when the council have a different view of what's important than at least I have a view of. I don't know about my colleagues, but I'm in complete agreement with you, Judge. Maybe we could go there next. Yes, absolutely, your honors. Harrison was a case that specifically addressed a circumstance where someone was charged with being a drug user, a user of marijuana, and there was no evidence that he was under the influence of marijuana when he possessed the firearm. We have a very similar situation here. We don't have an as applied challenge, but we do a preserved as applied challenge. But we do have the indictment that charges drug user and charges marijuana. And the implication, I think that the inescapable implication of Harrison is that remand is required for the same reason that it was in Harrison, which is that we have- I'm so sorry. I just have to stop you there. So help me understand the challenges you did bring. You did bring a facial challenge, but you did not bring an as applied challenge. Is that what you just said? So below there is no preserved as applied challenge, but there is no waiver because it was included in the right to- I'm so sorry. I obviously am not quite as prepared for this as I should have been. Well, what you're saying, I think, is that it was not a survey, but it wasn't waived so we can- Correct. But the key is we have to consider it under a plain error analysis, which puts you in a hole. Yes. But that's- Yes. I mean, it's better to be in a hole than not to be in the game at all, I suppose. Yes. I mean, what I would say is that I think both the preserved facial challenge, because it was charged under- I know the statute itself covers lots of scenarios, but it was charged under one prong of the statute. And the prong that it was charged under was drug user. And that is the crime that we're talking about. That is a different and distinct crime from being a drug addict. So I think that even on the facial challenge, remand is required. And then I think on the as applied challenge that- I thought that the facial was abandoned completely because there's case law against you largely on that. I thought we were really dealing just with the as applied. No, Your Honor. You are still asserting facial. Okay. Well, then we'll address it. But like Judge Phillips, I really think it's as applied. Okay. So I can focus on the as applied. The state of the record below and the evidence that may be considered, even if you, I guess, if you consider everything, there is no evidence that he was under the influence of marijuana at any point where he possessed the gun. So we're talking about this statute being used to convict a person who was a irregular user of marijuana. Or even if we say that somehow there's enough that he was a regular user of marijuana at the general time and no actual possession of the firearm while under the influence. That is not permitted under Harrison without a finding that the statute can constitutionally be applied to that conduct. We have- That's what this case is all about. Harrison, I thought, said that if there is a risk that a person could lapse, you can treat that risk as a support for regulating the gun use. And here, the guy was not, the defendant was not under the influence at the time, but wouldn't Harrison be applicable as direct authority? I guess that's my question. Isn't it a direct authority that this is okay? I don't understand the question because I don't understand what part of the holding would ever say that it's okay to apply this statute to this case. It's not a direct authority. It's precedential. I think what Harrison says is that a person who has vulnerabilities can have a regulation against them prohibiting gun use not because they are currently an alcoholic or drunk or under drugs, but rather because they present that risk. And isn't that a general- Is that or isn't that a general proposition that could warrant the proceeding as it laid out here? I don't believe that that is part of the holding. I think that when we're talking about addicts, that you have that risk, even if they're not presently intoxicated, that they're not able to control their own behavior. But that is a separate provision in the statute. So the question here is whether marijuana affects a person's judgment, decision-making, attention, inhibition, or impulse control, along with the long-term physical and mental effects of use of that drug when you are not presently under the influence. And the court may not consider capacious and subjective factors, like whether your group as a whole is responsible, ordinary, or able to exercise self-control, as these are unacceptable grounds for stripping the Second Amendment right. With those parameters there, and it says you can't rely on Congress, clearly Congress thought this was okay, and that's not sufficient, that there need to be findings in the district court, and that those findings need to justify imposing this regulation under the historical regulatory traditions that were identified in Harrison. And it simply- For every prosecution, every 922 G3, you think there has to be fact-finding? I think at some point, there will be authority, either from the U.S. Supreme Court or from the 10th Circuit about this, but until such time as they're controlling authority, this has got to happen somewhere. I believe that Harrison, it did not happen, I don't remember if it was a dismissal, but this has to happen somewhere. There is no court within this circuit, as far as I know, that has made these findings. So is the answer to the question, yes, in every instance, there has to be fact-finding for this crime? Until such time- Right now. Right now, we have fact-finding. Yes, right now, I do believe so. I don't believe that- Is that true even on plain error? And explain that to me, why it would be true on plain error. Yes, because what Harrison says is without that fact-finding, you cannot proceed with the prosecution. But Harrison, that's not plain error. Yeah, but it's plainly the case that without the fact-finding, you cannot proceed. Now, could the fact-finding come out either way? It could. I think that maybe would go to... Well, I don't think it could. I should take that back. If the fact-finding could truly come out either way, that might be relevant to harm and prejudice. But that's not the case. We're talking about millions of people in the United States who use marijuana regularly, but are not addicted. We're talking about stripping the Second Amendment rights of all of those people without ever having a judicial determination that that fits within the regulatory tradition. We can't do that. Judge Phillips, could I ask a couple of questions here? Yeah, I'd like to step back because I... Well, I guess I'll say your argument. In Harrison, we remanded for this factual determination, and your client should get one too. I mean, that's essentially what your argument is. Yes, Your Honor. Okay. Well, then let me back up to the plain error standard. What was the district court's error here, the first component? What is the error? Entering a conviction on this record without making that determination. Okay. Basically, the district court should have said, oh, this is an interesting case. You should have made an as-applied challenge. That's what the district court should have recognized that. Your Honor, obviously, Harrison hadn't come out yet, but that doesn't matter on plain error review. But imagine that Harrison... I understand. I understand we can... An error can become plain later. I get that. I guess I would say, usually, you have to have the district court make an error. And how, I guess, articulating it, you can't convict someone. You have to tell them, oh, you have to make an as-applied challenge here. You've got a great as-applied challenge. That's the part I'm not understanding how that can be an error. So I frame it slightly differently. Imagine that Harrison had come out the day before. What I would expect the district court to do is say, what's happening in front of me right now, the factual basis that I have, all this information, is that this is the same thing that happened in Harrison. I have no reason to distinguish it. And the 10th Circuit just told me that this is not constitutional without having this type of fact-finding happen. We need to go back and have this type of fact-finding. That is what's... But he hadn't even brought the claim. That's the... I mean, you're asking... And correct me if I'm wrong, but you're asking the district court here to say, whatever the state of the law, you have a great as-applied claim. You need to bring it. I mean, you're... I guess I'm wondering how that doesn't become acting as the, obviously, as the defendant's attorney. And Your Honor, if he had brought the as-applied claim, then it would be preserved, right? We say all the time the district court should have interrupted. You didn't object, you should have objected, right? Because this is... You wouldn't even quite phrase it that way. It's sort of like, this error of this thing that is happening is plainly wrong. It can't happen in this way. But if Mr. Lewis had brought the as-applied challenge, we would be here, preserved, and I think unquestionably would prevail under Harrison. So I don't think that that is what we're talking about. The error is entering an unconstitutional conviction. That's the error. And the district court... But courts just don't have the roving commission to say, I know this is about A, but we find that there's a B problem, and so we'll reverse on B. We do require the issue to have been raised, and if it... So, I mean, to me, that is... If the issue is before us, I think we need to remand for a Harrison kind of finding as to the dangers of relapse and whether that would justify some restriction on gun use. But if that simply was not raised, if the as-applied argument was not raised, how do we get it on the table? So, Your Honor, if the as-applied argument had been raised, it would be preserved. This is not a Rule 12-type claim, right? We usually say you can't raise the as-applied challenge prematurely. So the time to raise the as-applied challenge is when all the facts are on the table. And so all the facts are on the table. It's entering this guilty plea. Certainly, the judge is on notice there are potentially serious problems with this statute. He has the facts before him. And at that time, when it comes time for sentencing and he has all the facts in the PSR, it remains the case that he was not allowed to enter that conviction because what Harrison says is, absent this finding, absent these judicial determination, you cannot enter a conviction in the case. Well, I mean, if that's right, the remedy isn't to reverse things and say you're a free man or something, is remand for a hearing. And it may likely even be affirmed. So it's not like this necessarily is going to part the seas for anybody. But I am really troubled about what Judge Iyed has mentioned. Can a judge just say, gosh, there's a really good as-applied claim here and you didn't raise it, but we will and give you relief. I mean, I know we've had many cases. I've been on many where we say, gosh, there was another argument that had it been raised, might have might have carried the day. And your honor, this is plain error and never is the argument raised when you're on plain error. But let's imagine, let's imagine that Harrison had struck down facially or the Supreme Court strikes down facially 922 G3. It will have been plain error in all of these G3 cases that are still on direct appeal that they allowed the person to be convicted under that statute. The argument here when we're talking about facial as applied instead of facial, the actual application of the law is slightly more complex, but it's no different than that situation where there is a new case and that new case says this entering this conviction was unconstitutional in the manner that it happened. And yeah, you didn't raise the claim, but like that's the point of plain error. So I don't see why this is different. I think on appeal. And so you're saying it's not like we're being his lawyer. He's being his own lawyer and they are raising it on appeal. He just because it wasn't preserved all the time. We address issues that aren't preserved and you have you pay a penalty for that. But the penalty isn't you're kicked out of court. The penalty is you've got a higher burden. That's exactly right, your honor. And that's the burden that we argued in our reply brief. All right, you had a time. Nope, I'm good. Let me just ask when you say never on plain air is the claim raised. I don't know that's true. Okay, sometimes. Okay, fair enough. Sometimes you raise an overall claim, but you miss the argument that you need, but you raise the claim and the Supreme Court hasn't ruled on it yet. And the Supreme Court says, according to our circuit precedent, you lose. We'll see what the Supreme Court says. And then you appeal and the Supreme Court rules in the meantime. And the Supreme Court says, then it's right on that for our purposes. And it goes back and back in business. But the argument was raised is the point. In other words, it was preserved. So it's not like playing there is a magic way of avoiding having to make your claim in district court. That's what I'm confused on. And if you have something that'll help me on all yours. Sure, your honor, that is I spoke too broadly. That is definitely a situation in which plain error review applies. It is also true that plain error review applies if you did not raise the claim below, but the law either was or later becomes clearly established. So there's no difference between was or later becomes clearly established. Either way, the error is plain. And there's no difference for that. What's the authority to say, I didn't even mention this issue, but now I just read the Supreme Court reporter and they came out with a case that would have been great for me to have. So I'm going to raise that issue now in the 10th circuit. I mean, that happened in all the time. It mattered on 22 55 cases if it had adequately been presented because of all the weird kind of habeas preservation issues. But if you were still on direct appeal and you had her a hate claim, or let's say the maybe there's a lot like little and all of the other cases that are about the change in law or the clarity of law about instructions on constructive possession. Those were cases where no one asked for the constructive possession jury instruction to include the element of intent to exercise control. The law then became clear that that was an element and they 100% were allowed into court on direct appeal to argue that there was plain error. And many of those cases got remanded. The only time they didn't get remanded was if there wasn't prejudice because it simply was not an element that was at issue in that case. But there was futility involved in that too. It would have been futile to raise it and having to address that and decide that question wasn't just a free pass is my understanding. The futility is not addressed in any of those cases. There's no requirement of futility. Again, that's the 22 55 standard. That is not a standard on direct review. And it doesn't it does not appear in any of the direct appeal cases or the direct appeal constructive possession cases, just as it's not something that should be an issue in this case. Can I just follow up on that, though? The issue of construction, that constructive possession was raised in those cases. The instruction may have been erroneous, but the issue, the claim was raised. There was an instruction. It didn't matter if the defense had asked for it. It was a model instruction. So I understand what you're saying. The district court actually did something instructed improperly because constructive possession was an issue. Is that not correct? That is correct. And that's why here the error isn't that he failed to hold a hearing standing alone. The error is entering a conviction for an offense based on facts that plainly could only be constitutional after one of these hearings. So I understand what you're saying. Here there is a court action. It's different because it's not a jury instruction case, but there still is a court action. That court action is still erroneous. It is erroneous plainly under law that is now clearly established. And the additional hook that your honors are looking for, we simply don't have. This is not a suppression case where we're like no one filed a motion to suppress, where we have rule 12 saying that you have to file that at a certain time. There is no waiver problem. There's no waiver doctrine that would apply in this situation. It is pure forfeiture and it's plain error. Any 922 G3 plain error cases that support what you're saying that you're aware of? I'm not aware because Harrison is a unique remedy and is my understanding in what the different districts have done. So there are some districts who simply have said you can't do X, or excuse me, some not districts, circuits that have said you can't do X. And there's circuits that have said this is totally fine. But the idea of a remand for this type of hearing was, I think, a middle ground that was pretty unique remedy that this circuit created. So I don't have a case for you because it's just not something that I know of as having come up. So I also don't have a case that goes the other way. All right. Understood. Thank you very much. I guess the other point about whether we're being the lawyer for the defendant or not needs to be looked at in the context that we would not be just raising this issue ourselves for the first point. The lawyers, in fact, raised it. They did raise it on appeal. That's correct, Your Honor. So we are not being their lawyers. They are raising it. And then we have to ask, is there an avenue by which it can be addressed? I think that's 100% correct. You're saying the avenue is plain error. You pay a penalty. But all the time, we say that we can look at it under that higher standard. And that's what you're asking for here. Yes, Your Honor. That's exactly right. And also, Your Honor, I know I'm radically out of time. Your Honor mentioned what the remedy would be. And I agree that it's not a vacator of the conviction. It's really a remand for this hearing. Because of that, if this court does remand, it should still address Mr. Lewis's sentencing arguments. Because otherwise, all the district court will have to do is to hold this hearing. And then if it says this is constitutional, it would have no reason to revisit the sentencing arguments unless this court instructs it to. All right. Thank you, counsel. And we will turn over the keys to your opposing counsel. And you know what we're interested in. Of course. Thank you, Your Honor. May it please the court, D.H. Dilbeck for the United States. Let me address why Harrison did not establish that it was plainly erroneous to apply 922G3 to the appellant. It did not do so because at its core, Harrison presented a factually distinct as-applied challenge. How distinct was it? The only big difference would be the substance for which the defendant was addicted. Isn't that kind of the only significant difference? Just which substance was he addicted to? And that seems to me to be a pretty trivial distinction. No, Your Honor. I think the crucial distinction is that in Harrison, the defendant was a non-intoxicated drug user. There's no positive test for marijuana like there was in this case. What this case presents, what this as-applied challenge presents is whether it was plainly erroneous to apply the statute to someone who tests positive for marijuana immediately upon their arrest for possessing and firing a gun. Harrison doesn't speak to that question at all about applying the law to one who has tested positive for an unlawful substance. The case is silent on that. All that Harrison ultimately held in the end, the ultimate resolution, I suppose, as we've discussed, was a remand for a determination of whether that category of drug users, non-intoxicated drug users, posed a risk of future dangerousness such that 922 G3 could apply to them. But the facts here are different from that, involving, as it does, a defendant who was testing positive for marijuana simultaneous with the gun possession. He wasn't testing positive, but I thought, correct me if I'm wrong, and I certainly may be, but I thought the testimony was that he was not then under the influence of marijuana. That's different from saying you didn't have residue in your blood. We know that lasts for a long time after the influence disappears. And so, to me, the key is, was the two cases, this and Harrison, was that you weren't under the influence at the time, but you were addicted, and the addiction created a danger that you could relapse and become dangerous if you had a gun. In Harrison, we said that that does justify some regulation on drug, on gun control. The question is, if it's a different substance, but with the same context, would Harrison then be applicable as well? So, I don't see that the drug makes very much difference. Again, I agree that the drug itself does not make difference, but the intoxication question does in light of the ruling in Harrison and the fact that we're on plain error review now. Am I wrong that in Harrison, as in our case, the defendant was not then under the active impairment of the drug involved? What we know here for certain is that immediately upon the appellant's arrest, he was tested positive for marijuana. Now, here now, really for the first time, the appellant is raising this question about whether that drug, that positive test, is evidence of intoxication or not. That was not a factual dispute that was presented to the district court, understandably so, since this as-applied challenge was never raised. And I think that fact, given the nature of the appellant's argument, only underscores why plain error review now would not be appropriate and why a remand wouldn't be appropriate either. As we cite in our brief, to the extent that the appellant's argument here now is resting on a factual dispute, whether the appellant was intoxicated or not, that's being raised for the first time. Plain error review is just simply not appropriate, given that, as the way the argument has been presented now, it would seem to, by necessity, suggest that the alleged error implicates the resolution of some kind of factual dispute. Thank you. I'm happy to stay on the as-applied challenge, or I can move to the facial challenge, if that would be beneficial to the panel. So, you point me in the direction you'd like me to go. Well, I appreciate that. A lot of counsel go where they want to go, even in spite of overwhelming evidence the court is interested in something else. You're not guilty of that, so good for you. I think you got a good read on the panel, and my view is, with that good read, I mean, it's impossible not to have a good read on this panel. You proceed however you think best. Well, I'll just address briefly the facial challenge. The government, of course, just merely show that there are at least some applications that are constitutional. Every circuit now that has addressed that question has said that there are some, and I think the decisions by the Eighth Circuit and the Fifth Circuit show that there are quite a lot of ways you can reach that conclusion. From our perspective, I think the most straightforward way for this court would be to say that the armed intoxication laws are an adequate historical analog to conclude that 922 G3 at the very least to those who are actively intoxicated is constitutional as a conclusion that the district court reached along with mental illness laws for fundamentally similar reasons. It doesn't take much of a leap from there to conclude that because there are at least some applications that are constitutional to actively intoxicated that the facial challenge can't survive. But if there are no more questions on the Second Amendment issue, let me just briefly pivot to the second issue, the one that was raised first. It's our position and remains, of course, that the district court correctly included this attempt to relitigate intent to kill was an impermissible collateral attack. We think this court, for reasons that we explained, could affirm that conclusion nonetheless on collateral estoppel grounds. But to the extent the court doesn't want to wade into those waters, I don't think it needs to for reasons that Judge Phillips' questions at the outset here started to hit at related to the harmlessness of any error, assuming that there was any error. Judge Phillips, you brought up the appellant's guilty plea as one reason going towards harmlessness. And below, the appellant himself admitted to the district court that it could conclude that the guilty plea, quote-unquote, carries the day and established by proof, by preponderance. But it's not only that. We know other uncontested facts from the record that go to this as well. The appellant shouting, I'm going to shoot you, firing point-blank at uniformed police officers after knowing from his partner that they're on the way. And I think it is critical here in this harmlessness consideration to take note of the fact that when the district court was considering the officer-victim enhancement, it concluded that the appellant's mental state, whatever it might have been, did not prevent him from knowing that he was firing a gun point-blank range at a uniformed police officer. And this court has said before that that scenario, the point-blank range of firing a gun at another person, is quite heavy evidence of an intent to kill, or at least a kind of circumstantial evidence can be derived from all of that. So it's all of those reasons we think any error here to the extent there was some was harmless. In my last few minutes, I might just make a similar line of argument about this final issue related to the supposed use of the court-ordered mental examinations. Again, this is an issue being reviewed for plain error. It's our position, as we explained, that the government did impermissibly use any statements from this court-ordered exam, that the information it did present to the court about the the appellant's substance abuse history at independent bases and a variety of other sources before the court. But again, at the end of the day, this is an issue that's being reviewed for plain error, and it's not necessary for this court to attack head-on the substantive issue, because the appellant has fallen far short of meeting its burden in establishing plain error here to the extent there was any. To put it simply, the appellant just simply has failed to show a reasonable probability of having received a lower sentence had this error not occurred. And I'd offer three reasons why. First, this argument about dangerousness did not hinge solely on the appellant's past substance abuse. It was a repeated reference to the mixing of guns and alcohol, mixing of guns and domestic violence. Again, second, as I've indicated, there's ample independent bases for this information about the drug use beyond just what came in the court-ordered examination. But most importantly, on this point, the court's explanation of its sentence, which we quote at length in our brief, nowhere mentions drug abuse or even dangerousness. There's no reliance in the court's justification explanation of its sentence, no reliance on any statements from the court-ordered examination. The justification was wholly separate and lengthy nonetheless. And I think that fact more than any other shows that the appellants simply cannot show a reasonable probability that it would have received a lower sentence. That is, in fact, the second issue that I was troubled about. And maybe you've given all the answer that you intend or maybe that's available. But I was troubled that the district court did not allow the defendant to challenge the finding of a specific intent to kill because he had made that statement in the state court. We know that collateral estoppel does not apply in criminal cases to sentencing. And so my question is, should he be, should we remand on that second point for the district court to allow him to testify further about that topic? No, your honor. And it's our position that the answer is no for two reasons. One for the harmlessness argument I've already discussed at some level. It's harmless because we look at what the court said and that concession was never mentioned or relied upon. I don't want to misrepresent what you're, so that's your first position. That's correct. Yes. Then go to the second one. I'm not trying to comment on it at all. I'm just trying to make sure I understand it accurately. Okay. And your second point? Our second point, I guess, goes more to the substance of the application of the collateral attack doctrine or the estoppel doctrine that, again, we think the district court simply got it right in applying the collateral attack doctrine, but this court could alternatively affirm for estoppel reasons as well. But my problem there is it didn't really seem like a collateral attack. I mean, I don't think he was trying to upset any prior finding or holding or legal consequence of anything that was done. So I thought that was a misrepresentation because there are certainly great restrictions on ability to collaterally attack things. But I think he was shedding that cloak by saying, I'm not trying to attack the validity of anything. I'm trying to simply be free of a estoppel argument, which the Supreme Court has said we are not fond of in criminal cases anyhow, so that I can reopen that subject. That seems to me a very different matter, and I wouldn't characterize it as you have done because so characterizing it would command the answer, of course. Your Honor, why we think it is properly seen as a collateral attack is simply this, that attacking an essential element of a conviction is attacking the conviction in this sense, that by attempting to relitigate intent, the appellant was in essence claiming that no factual basis existed for the conviction in the first place. And that's far more akin to the kind of constitutional collateral attacks that Custis says shouldn't be entertained and is far removed from the very limited kinds of collateral attacks that Custis allows. My view of collateral attack is saying something else was wrong and it ought to be reversed or changed. And he's not saying that at all. He's simply saying, I did say something then, but now let me explain what I want to say now. And at the risk of... No, don't make everything in stone. I mean, so I don't really think this is a collateral attack. I think it is saying, I admit that and I can be impeached on that, but it's not a conclusive impeachment. That is, it's not a bar. It's a credibility thing. You can say I'm wrong because look what I said before, but I am entitled as all criminal defendants are to get the full story out. And I'm not the first person that says something once that I don't agree with anymore. We know it's not uncommon for defendants to plead guilty to crimes they didn't commit because of either a long interrogation or because they have decided it was a good bargain at the time and now they regret it. So they're not free of the consequences of their prior conduct, but it's not advanced as a bar to their claim, look, I'm going to go to jail a long time. And I think I had to get my present story before a fact finder. Ed, I'm afraid I might run the risk of just repeating myself in response to your question, but what I, instead of doing that, what I will say instead is to the extent you're unpersuaded on our collateral attack arguments, I think this court could readily affirm the outcome nonetheless on collateral estoppel grounds for some of the reasons that we've explained in the brief about why Gallardo-Mendez didn't obligate the district court to allow a litigation of this issue. But in fact, in many ways, the underlying logic of the decision would seem to support estoppel in this context, unique context of a sentencing and not a trial. Thank you. All right. I don't see any further questions. And of course, counsel went way over and we'll take our share of the blame for that. Are there questions that would like to be asked on rebuttal or not? Okay. All right. Well, then I hope we can all agree. Just thank you for your arguments and helpful arguments and the cases submitted. Counselor excused.